IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DEMPSEY APPELT PLAINTIFF

v. Civil No. 3:25-cv-03064-TLB-CDC

DANIEL KLATT, Carroll County Sheriff; JAIL JOHN DOES 1–10; TURN KEY HEALTH CLINICS, LLC; TURN KEY HEALTH MEDICAL ARKANSAS, PLLC; JOHN DOE ENTITIES 1–5; and MEDICAL JOHN DOES 1–5 DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court are the Motions to Dismiss and Briefs in Support filed by Defendants Turn Key Health Clinics, LLC (ECF Nos. 20, 21) and Turn Key Health Medical Arkansas, PLLC (ECF Nos. 24, 25) as well as Plaintiff's Dempsey Appelt's Response in Opposition (ECF No. 26) to both Motions, a Reply (ECF No. 29) filed by both Turn Key Defendants, and Plaintiff's Surreply (ECF No. 32). As explained below, the undersigned recommends that both Motions to Dismiss be GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

Plaintiff's First Amended Complaint states that he is a 52-year old, male, Type 1 diabetic who requires daily injection with two different forms of insulin in order to avoid the rapid onset of diabetic ketoacidosis, which can become life-threatening if not treated quickly. *See* ECF No. 14, ¶¶ 12–13. He alleges that on March 10, 2023, he was arrested and booked into the Carroll

County Adult Detention Facility, and that immediately upon his booking he informed staff there that he was a Type 1 diabetic and which drugs he used to control his diabetes, and that he needed to take all his medications daily, including insulin and blood pressure medicine. *See id.* at ¶ 14. However, from the time of his booking through the morning of March 12, he was never given his medications despite making constant requests of jail staff throughout this period for his medication and medical assistance. *See id.* at ¶¶ 15–29. On the evening of March 11, he began vomiting, experiencing stomach cramps, muscle spasms, chest pain, heartburn, and intense pain throughout his entire body. *See id.* at ¶¶ 26 – 27.

Finally, at some point on the morning of March 12, Plaintiff was taken to the emergency room at Berryville Hospital, where medical personnel there realized his medical condition was so serious they could not treat him there, at which point he was transferred to Rogers for a higher level of care. *See id.* at ¶¶ 29–30. There, he was diagnosed with diabetic ketoacidosis, acute kidney injury, and severe dehydration, and it was noted that he had suffered a serious heart attack while in the Carroll County Adult Detention Center. *See id.* at ¶ 30. Plaintiff remained in the intensive care unit there for three and a half days, and was then transferred to the cardiac unit for heart surgery. *Id.* The cardiac surgeon was forced to use a stent instead of the more preferrable option of bypass surgery because of the extensive damage to Plaintiff's arteries that had been caused by the diabetic ketoacidosis. *See id.* Plaintiff alleges that as a result of this episode he continues to suffer serious side effects, permanent physical impairment and loss of bodily function, and is now totally disabled and unable to engage in any substantial gainful activity. *See id.* at ¶ 44. He has brought claims against the Defendants under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act, Ark Code Ann. § 16-123-101 *et seq.* ("ACRA"), for subjecting him to cruel and unusual punishment in violation of the United States Constitution's Eighth Amendment and in violation of Article 2, § 9 of the Arkansas Constitution; he has also brought a claim under Arkansas

state law for medical negligence. *See generally* ECF No. 14, ¶¶ 31–48. As relief, Plaintiff seeks compensatory and punitive damages. *See id.* at p. 15.

Most of the Defendants in this case are various categories of John Does, as Plaintiff does not yet know the identities of the relevant staffers with whom he interacted or who were on duty during the events giving rise to this lawsuit. *See id.* at pp. 17–19. He intends to identify John Doe individuals and entities through discovery in this case and then to further amend his pleadings to add the proper parties to this action. *See id.* at p. 19. The only Defendants currently named are Daniel Klatt (the Sheriff of Carroll County) and the two Turn Key entities, who Plaintiff alleges contracted with Carroll County to provide medical services to inmates at the Carroll County Adult Detention Facility during the relevant period. *See id.* at p. 12, ¶ 41. All named Defendants have filed Answers to Plaintiff's First Amended Complaint. *See* ECF Nos. 18 and 19. However, as noted above, the Turn Key Defendants have also both filed Motions to Dismiss. Those Motions have been fully briefed and are ripe for decision.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

## III. ANALYSIS

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978). To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

In their Motions, the Turn Key Defendants seek dismissal of Plaintiff's claims against them that are brought under 42 U.S.C. § 1983 and ACRA. They assert only one basis for dismissal, which is that Plaintiff's claims against them under these statutes are predicated entirely on a theory of vicarious liability for the acts of their employees, and that there is no vicarious liability in a § 1983 or ACRA action. *See* ECF No. 20, ¶¶ 9–10; ECF No. 21, p. 1, 3–4; ECF No. 24, ¶¶ 9–10; ECF No. 25, p. 1, 3–4. The Turn Key Defendants are correct that the doctrine of *respondeat superior* is not a basis for liability under § 1983 or ACRA. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975–76 (8th Cir. 1993); *Jones v. Huckabee*, 369 Ark. 42, 48–49 (2007). Plaintiff concedes this in his Response, and consents to dismissal of his claims against the Turn Key Defendants under those statutes, to the extent that those claims are based on vicarious liability. *See* ECF No. 26, ¶ 1. Plaintiff also consents to dismissal of his claims for medical malpractice under Arkansas law, on the grounds that the statute of limitations for those claims has expired. *See id.*

However, Plaintiff insists that vicarious liability is not the *only* basis for his § 1983 and ACRA claims against the Turn Key Defendants, and that those claims should survive to the extent there are other bases for them. *See id.* at ¶ 2. The Turn Key Defendants express befuddlement as to what those other bases could be. *See* ECF No. 29, ¶¶ 6–7. Plaintiff, in his Surreply, points to

paragraphs 41 through 44 of his First Amended Complaint. In those paragraphs, among other things, he alleges that the Turn Key Defendants refused to provide sufficient medical personnel to respond to prisoners' medical needs at the Carroll County Adult Detention Facility despite being contractually obligated to do so. *See* ECF No. 14, ¶ 41. It appears to the Court that here he is claiming the Turn Key Defendants had a policy or custom of being deliberately indifferent to the medical needs of inmates at the Carroll County Adult Detention Facility, which is a valid basis for holding a corporation liable in a § 1983 action. *See De Rossitte v. Correct Care Solutions, LLC*, 22 F.4th 796, 803–04 (8th Cir. 2022); *see also Jones*, 369 Ark. at 49 (Arkansas courts look to federal decisions interpreting 42 U.S.C. § 1983 for guidance in determining bases for liability under ACRA). Therefore, it would not be proper to dismiss Plaintiff's claims against the Turn Key Defendants in their entirety.

## IV. CONCLUSION

Accordingly, it is recommended that the Motions to Dismiss filed by Defendants Turn Key Health Clinics, LLC (ECF No. 20) and Turn Key Health Medical Arkansas, PLLC (ECF No. 24) be GRANTED IN PART AND DENIED IN PART as follows:

- Plaintiff's claims under 42 U.S.C. § 1983 and ACRA against Defendants Turn Key Health Clinics, LLC and Turn Key Health Medical Arkansas, PLLC should be DISMISSED WITHOUT PREJUDICE to the extent those claims are based on a theory of vicarious liability; and
- Plaintiff's claims for medical malpractice should be DISMISSED WITHOUT PREJUDICE.

This leaves for later resolution Plaintiff's claims under 42 U.S.C. § 1983 and ACRA against Defendants Turn Key Health Clinics, LLC and Turn Key Health Medical Arkansas, PLLC to the extent those claims are not based on a theory of vicarious liability, as well as Plaintiff's claims

under 42 U.S.C. § 1983 and ACRA against Defendant Daniel Klatt and all categories of John Doe Defendants.

**Status of Referral: This case should remain referred for all matters not recommended for dismissal in this report and recommendation.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **26th day of August 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE