**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**DEMPSEY APPELT** **PLAINTIFF**

**V.** **CASE NO. 3:25-CV-3064**

**DANIEL KLATT, Carroll County Sheriff;**
**JAIL JOHN DOES 1–10;**
**TURN KEY HEALTH CLINICS, LLC;**
**TURN KEY HEALTH MEDICAL ARKANSAS, PLLC;**
**JOHN DOE ENTITIES 1–5; and**
**MEDICAL JOHN DOES 1–5** **DEFENDANTS**

# ORDER

This is a civil rights action filed by Plaintiff Dempsey Appelt pursuant to 42 U.S.C. § 1983 and the Arkansas Civil Rights Act ("ACRA"). The claims in the case arise from Mr. Appelt's incarceration in the Carroll County Adult Detention Facility ("CCDF"). On March 10, 2023, Mr. Applet was booked into the CCDF and immediately informed staff that he was a Type I diabetic and needed to take certain drugs to control his diabetes. He claims jail staff and jail medical personnel failed to obtain his necessary medications, and as a result, he suffered a serious diabetic emergency on March 12. He spent several days in intensive care with diabetic ketoacidosis, severe dehydration, and acute kidney injury. Doctors also found that he had suffered a heart attack that required emergency cardiac surgery and left him with lasting health effects.

Mr. Appelt sued Carroll County Sheriff Daniel Klatt; various John Doe jailers and medical staff; and two entities that contracted with Carroll County to provide medical services to inmates, Turn Key Health Clinics, LLC, and Turn Key Health Medical Arkansas, PLLC ("Turn Key Defendants"). Before the Court are Turn Key Defendants' Motions to Dismiss (Docs. 20 & 24). The Magistrate Judge explains in a Report and

Recommendation ("R&R") (Doc. 33) that she believes both Motions to Dismiss should be granted in part and denied in part. Turn Key Defendants filed Objections to the R&R (Doc. 34), which triggered this Court's *de novo* review of the record.

Mr. Appelt concedes that his medical malpractice claims are time-barred and should be dismissed. He also concedes that Turn Key Defendants cannot be held liable for § 1983 and ACRA violations under a vicarious liability theory. Therefore, the Magistrate Judge recommends dismissing the negligence claims in full and dismissing the § 1983 and ACRA claims *only to the extent* those claims are premised on a vicarious liability theory.

Turn Key Defendants raise three objections to the R&R. The first and second objections argue that all dismissals should be with prejudice rather than without. The Court agrees and **SUSTAINS** those objections. The third objection disputes the Magistrate Judge's finding that the Amended Complaint, broadly construed, alleges plausibly that "Turn Key Defendants had a policy or custom of being deliberately indifferent to the medical needs of inmates at the Carroll County Adult Detention Facility, which is a valid basis for holding a corporation liable in a § 1983 action." (Doc. 33, p. 5). The Court agrees with the Magistrate Judge's reading of the Amended Complaint. The third objection is therefore **OVERRULED**.

**IT IS ORDERED** that the Objections to the R&R (Doc. 34) are **SUSTAINED IN PART AND OVERRULED IN PART**, and the R&R (Doc. 33) is **ADOPTED** in accordance with the Court's reasoning above. The Motions to Dismiss (Docs. 20 & 24) are **GRANTED IN PART AND DENIED IN PART** as follows:

- The claims under 42 U.S.C. § 1983 and the ACRA against Defendants Turn Key

Health Clinics, LLC and Turn Key Health Medical Arkansas, PLLC are **DISMISSED WITH PREJUDICE** *only to the extent* that those claims are based on a theory of vicarious liability; and

• the claims for medical malpractice are **DISMISSED WITH PREJUDICE** due to the expiration of the relevant statute of limitations.

This case should remain referred to the Magistrate Judge.

**IT IS SO ORDERED** on this 16th day of September, 2026.

_______________________________
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE